958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Joseph C. BOWMAN, Appellant.
 No. 91-3037.
 United States Court of Appeals, District of Columbia Circuit.
 March 27, 1992.
 
 Before WALD, SENTELLE and KAREN LECRAFT HENDERSON, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal is taken be affirmed. The evidence, when viewed in the light most favorable to the government, demonstrates that the government presented sufficient evidence to support the charge of possession with intent to distribute, including specifically the intent element of that charge. The district court thus properly denied the appellant's motion for judgment of acquittal. See United States v. Rogers, 918 F.2d 207, 213 (D.C.Cir.1990). The district court did not abuse its discretion in admonishing the appellant not to "go too far" in cross examining Officer Rodriguez about his alleged earlier encounters with certain defense witnesses. The district court did allow the appellant to ask Rodriguez briefly about his conduct and the witnesses' conduct during the appellant's arrest; the district court's restriction on further questioning was reasonable on this record. See United States v. Tarantino, 846 F.2d 1384, 1407 (D.C.Cir.1988). Moreover, the district court properly exercised its discretion in refusing to allow the appellant to impeach Rodriguez by eliciting testimony from other witnesses regarding Rodriguez's alleged prior bad acts. See Fed.R.Evid. 608(b). Finally, to the extent the original limiting instruction regarding the initial stop of the appellant may have been unclear, the final jury charge before deliberations cured any error. See United States v. Lemire, 720 F.2d 1327, 1341 (D.C.Cir.1983), cert. denied, 467 U.S. 1226 (1984).
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).